PEOPLE *ex rel.* DAVIDSON *v.* GILON *et al.*, Assessors.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

1. CERTIORARI—MOTION FOR FURTHER RETURNS—APPEAL.
   An appeal from an order denying a motion for a further return by the board of assessors to a writ of *certiorari* to review an assessment in no way involves the merits of the controversy, and the only question which will be considered is whether the court was justified in denying such motion.
2. SAME—RETURNS—OPINIONS OF COUNSEL.
   The opinions of counsel in respect to questions submitted to them by the board of assessors, in regard to the assessment, form no part of the return to such writ.

Appeal from special term, New York county.

Appeal from order denying a motion for a further return by the board of assessors to a writ of *certiorari* to review an assessment.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Truman H. Baldwin,* for appellant.    *George L. Sterling,* for respondent.

VAN BRUNT, P. J.    It seems to be assumed by the counsel for the parties that, upon this appeal from the order mentioned, the merits of the controversy can be determined. We do not understand that in any respect the merits can possibly be involved upon this appeal, as it is simply an appeal from an order denying a motion that the respondents make a further return to the writ, and the only question which will be considered is as to whether the court below was justified in denying such motion. The court was asked by an order to show cause to require the defendants to make a further return herein, "under oath, of the assessment list for paving Madison avenue from One Hundred and Thirty-Third to One Hundred and Thirty-Seventh streets, the objections thereto made by the New York & Harlem Railroad Company, and by Hon. J. Sargeant Cram, and by all the relators, except John Davidson, and by all other persons, together with the opinions of Hon. William C. Whitney, dated July 2, 1878, and Hon. E. H. Lacombe, dated March 16, 1885, and August 21, 1885, on the question of assessability of property other than houses and lots, together with a copy of all the minutes of said board in reference to said assessment." It appears from the papers that the return would be satisfactory to the relator if the board had not inserted therein that they had not assessed the said railroad company nor the road-bed and structure of said railroad, because in their opinion said road-bed and structure have not been benefited, and are not under the laws of this state assessable for a local improvement of this character. The claim upon the part of the relator seems to be that by the position of the board of assessors he was misled, and did not give evidence upon this subject in support of his objection, which he would have

done before the board of assessors.   It is true that the relator asks to have included in the return other papers which it is clear do not necessarily form a part of the return, so that by their omission the return would be called defective.   As to the assessment list, it is sufficient to say that the writ itself provides that it need not be included in the return.

As to the opinions of the corporation counsel, they form no part of the papers to be returned, because they are simply the advice of the counsel of the board of assessors in respect to questions submitted by them to such counsel, and cannot form any part of the record.

In respect to the copy of the minutes made in reference to the assessment, it is sufficient to say that the original writ did not call for it, and the return seems to contain their substance.   The claim of the relator that the respondents did not determine as to the benefit conferred upon the railroad company by the proposed improvement cannot be held to controvert the return in that regard.   Such questions cannot be raised and tried in this manner.   The remedy for a false return, if any has been made, is open to the relator.   Neither can the fact claimed by the relator, that he has been deprived of giving evidence before the assessors in respect to this matter, in any way alter his position, because the assessors were not bound to hear such evidence, and therefore the relator has not been deprived of any legal right.   We do not see that the court below could have done otherwise than it did in denying the motion to compel the respondents to amend the return in the particulars stated in the order to show cause.   The order should be affirmed, with $10 costs and disbursements.   All concur.